DIFRANCESCO, BATEMAN, COLEY, YOSPIN
KUNZMAN, DAVIS, LEHRER & FLAUM, P.C.
15 Mountain Boulevard
Warren, NJ 07059
908-757-7800
Attorneys for Montaha Deeb

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTAHA DEEB, | : |
| | : |
| Plaintiff, | Civil Action |
| | : |
| vs. | |
| CITY OF PATERSON, | : COMPLAINT AND JURY DEMAND |
| Defendant. | |
| | : |

Plaintiff, Montaha Deeb, residing at 16 Gould Avenue, Paterson, New Jersey, County of Passaic, State of New Jersey, by way of Complaint against the defendants, states as follows:

**PRELIMINARY STATEMENT**

This suit is filed in order to vindicate the rights of the plaintiff to engage in activity protected by the First and Fourteenth Amendments of the Constitution of the United States without fear of reprisal, to secure these First and

Fourteenth Amendment rights from future restraints by the defendant, discrimination based on the exercise of protected speech, freedom of association, discrimination based on disability, national origin, race and religion, to seek equitable relief in the form of reinstatement to her position, and to seek economic redress for losses suffered by the plaintiff at the hands of the defendant.

## JURISDICTION AND VENUE

1. This action arises under the First Amendment to the Constitution of the United States.

2. The jurisdiction of this Court over the claim arising under 42 U.S.C. §1983 is founded on 28 U.S.C. §§1343(a)(3) and (a)(4). The jurisdiction of the Court over the claims arising under the First and Fourteenth Amendments is founded on 28 U.S.C. §§1331 and 1343(a)(3).

3. Venue lies in this district under 28 U.S.C.A. §1391(b).

## THE PARTIES

4. Montaha Deeb was first employed by the City of Paterson in March 5, 2002 as a provisional employee in the Department of Community Development with the title of account clerk.

5. She obtained permanent status on September 7, 2004 in the title of Program Monitor.

6. However, since 2004 she performed the job duties for the title, Fiscal Analyst.

7. On or about April 17, 2006, the plaintiff was given a salary increase of $5,000.00 in recognition of her assumption of additional fiscal monitoring duties of an employee who left the department. The plaintiff was assured by then Mayor Jose "Joey" Torres, that he had processed the appropriate paper work known as a 375 form, with Civil Service to change her title. She was working out of title since 2002.

8. In May 2010 the new mayor, Jeffrey Jones, was elected for the City of Paterson. He sought to appoint a new community development director named Lanisha Mackle (hereinafter "Mackle"). Mackle served as acting director for many months because the city council refused to appoint her to the title.

9. When Mackle took over as acting director, she began a campaign of harassment against Ms. Deeb.

10. Montaha Deeb is the only Arab Muslim who is employed by the City of Paterson.

11. Ms. Deeb is a friend and supporter of Councilman Morris. Councilman Morris and Mayor Jones are political opponents.

12. Performance evaluations showed that Ms. Deeb's job performance, until the arrival of Mackle, was rated very highly.

13. During the administration of Mayor Torres, plaintiff experienced a hostile work environment but the City took steps to reduce the problem by moving her to a different floor and away from the harasser.

14. When Mackle came to the Department of Community Development, she moved plaintiff back to the floor where the hostile work environment was first created and placed her back in the vicinity of the harasser.

15. In further demonstration of her hostility to plaintiff, she provided no furniture for plaintiff's office. She then began a campaign of harassment through emails.

16. On September 23, 2010, Mackle called the police to have plaintiff arrested. Mackle claimed that plaintiff had "created a scene" at the office. The report was false inasmuch as Ms. Deeb did not "create a scene" and could not

have done so as Mackle claimed that Ms. Deeb had created the commotion at a time when Ms. Deeb had already clocked out for the day in order to leave for a doctor's appointment.

17. Mackle told Deeb that it was the administration who told her to call the police.

18. After that incident, Mackle stepped up the harassment and issued a memo to the plaintiff demanding that she perform two full time jobs at once at her same salary. When Deeb asked Civil Service for a desk audit, they agreed that she was performing Fiscal Analyst job duties. Mackle decided to take those job duties away from her and have her perform the title of Program Monitor which resulted in a $5,000.00 loss of income to Deeb.

19. The Civil Service audit, memorialized by letter dated January 6, 2011, acknowledged her performance of Fiscal Analyst duties and said that she was considered to be serving provisionally in the title of Fiscal Analyst and if those job duties were removed from her, she could remain in her permanent title of Program Monitor.

20. After taking away her title and pay, Mackle hired Joyce Hunt, the management specialist, to take plaintiff's

place. Mackle, Ms. Hunt and Mayor Jones are all African Americans.

21. Other employees of the City work out of title and were not docked pay. The City singled out the plaintiff.

22. After that, Mackle stepped up the harassment and issued many write ups and demanded that plaintiff continue to perform the functions of Fiscal Analyst without pay for the job. Because Joyce Hunt was not trained in the job and had no background to perform it, Mackle required plaintiff to do the job for her.

23. The next attack from Mackle occurred on March 15, 2011 when she decided to change plaintiff's office hours. Plaintiff is a single mother and has no family to help her watch her children. Mackle knew that the change of office hours was arbitrary and had a disparate impact on plaintiff.

24. Mackle ordered plaintiff not to go to the fourth floor of the office building even though that is where the coffee and the refrigerator are located. Her directive effectively controlled whether or not the plaintiff was permitted to have a cup of coffee during her break.

25. Plaintiff suffers from a hearing impairment which causes her to speak loudly. Although plaintiff has advised Mackle that she suffers from a hearing impairment, rather than accept plaintiff's disability, she writes the plaintiff up in disciplinary notices for "yelling."

26. On March 28, 2011, plaintiff told the Business Administrator, Charles Thomas, all that had happened and explained to him that the hostile environment had affected her health, her children and that she cries at work and has sought treatment for depression and anxiety. He laughed at her. She told him that Mackle took away her salary but continued to demand that she perform her old job and he laughed.

27. By letter dated March 31, 2011, plaintiff brought all this to the attention of Corporation Counsel. No action was taken to remedy the hostile work environment.

28. On March 31, 2011, plaintiff filed a grievance against Mackle. A grievance hearing has never been scheduled by the City.

29. On April 14, 2011, plaintiff, through her counsel, again wrote to Corporation Counsel about the continued harassment. After the City received plaintiff's

complaint, Mackle again retaliated by denying plaintiff's vacation request claiming that she had staffing issues. Plaintiff's review of the records showed that no one else in the department was scheduled to take a vacation. This represented the third time Mackle interfered with plaintiff's request for time off.

30. Plaintiff then filed a complaint with the U.S. Equal Employment Opportunity Commission on or about April 14, 2011. A right to sue letter was issued on January 24, 2012.

31. Subsequent to filing the complaint with the EEOC, plaintiff was then placed on a list for scheduled layoff in May of 2011. Effective May 16, 2011, she lost her job as Program Monitor and was replaced in the department by individuals who were hired after she was and who never served in the job title of Program Monitor.

32. Plaintiff was never given prior notice of her layoff and was not given a list of employees to determine whether or not she had bumping rights.

33. Again, plaintiff, through her counsel, protested the loss of her job. She was then moved to the Sewer

Division in a provisional title. The long reach of Mackle did not stop at the Community Development Department.

34. After plaintiff assumed her post in the new department, her former coworkers fabricated reasons to come to her new employment location. After their visit, plaintiff was ostracized by her new coworkers all of whom are African American.

35. Plaintiff repeatedly asked for a job description from the Acting Finance Director who is the supervisor of the department but he has never provided one. Although she was promised training for the position, the person who left the job in March 2011 was designated to train her but has never done so. Her appearance for training sessions is sporadic. She makes an appointment to meet the plaintiff then does not show up for it until three hours later without the courtesy of a phone call. She goes to visit others in the department but does not tell plaintiff she is doing so. When she actually engages in training, she withholds information.

## FIRST COUNT

36. The Plaintiff, Montaha Deeb, repeats and realleges the allegations as set forth in Paragraphs 1 through 35 as if set forth at length herein.

37. The foregoing actions of the defendants constitute discrimination based upon a handicap in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et. seq.

38. As a direct and proximate result of defendant's actions, plaintiff has suffered severe emotional distress with physical manifestation, financial and other damages.

WHEREFORE, Plaintiff, Montaha Deeb, demands judgment against the Defendant, City of Paterson for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to her position, and such other and further relief as the Court deems equitable and just.

## SECOND COUNT

39. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 38 as if fully set forth at length herein.

40. The foregoing actions of defendant were based upon plaintiff's national origin of being from Palestine in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et. seq.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress with physical manifestation, financial and other damages.

WHEREFORE, Plaintiff, Montaha Deeb, demands judgment against the Defendant, City of Paterson, for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to her position, and such other and further relief as the Court deems equitable and just.

### THIRD COUNT

42. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 41 as if fully set forth at length herein.

43. The foregoing actions of defendant were based upon plaintiff's race in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et. seq.

44. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress

with physical manifestations, humiliation, embarrassment, loss of income, and other severe financial losses.

WHEREFORE, Plaintiff, Montaha Deeb demands judgment against the defendant, City of Paterson, for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to her position, and such other and further relief as the Court deems equitable and just.

### FOURTH COUNT

45. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 44 as if fully set forth at length herein.

46. The foregoing actions of defendant were based upon plaintiff's religion in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et. seq.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress with physical manifestations humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Montaha Deeb, demands judgment against the Defendant, City of Paterson for compensatory

damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to her position, and such other and further relief as the Court deems equitable and just.

### FIFTH COUNT

48. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 47 as if fully set forth at length herein.

49. The conduct of the Defendant constitutes an attempt to deprive her of her Rights to Free Association, in violation of 42 U.S.C. 1983, the First Amendment of the United States Constitution, and Article I of the New Jersey Constitution, Paragraphs 5 and 6.

50. Defendant's action in terminating Plaintiff from her non-policymaking position harassing her, docking her pay, demoting her due to her friendship with the Mayor's political opponents violated her rights to free association.

51. Said acts would not have occurred if Plaintiff was not a friend of the Mayor's opponent.

52. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has lost benefits to which she

is entitled, and has suffered severe emotional distress with physical manifestations, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Montaha Deeb demands judgment against the Defendant, City of Paterson, for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to her position, and such other and further relief as the Court deems equitable and just.

## SIXTH COUNT

53. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 52 as if fully set forth at length herein.

54. The conduct of the Defendants was retaliatory in contravention of her First Amendment rights, in violation of 42 U.S.C. 1983, the First Amendment of the United States Constitution, N.J.S.A. 34:15-39.1, and Article I of the New Jersey Constitution, Paragraphs 5 and 6.

55. Plaintiff's lay off was a direct response to the protected right of protesting her hostile work environment and discrimination.

56. Said acts of retaliation are a violation of state and federal law, as well as running afoul of the public policy of the State of New Jersey.

57. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has lost benefits to which she is entitled, and has suffered severe emotional distress with physical manifestations, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Montaha Deeb, demands judgment against the Defendant, City of Paterson, for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

### SEVENTH COUNT

58. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 57 as if fully set forth at length herein.

59. The conduct of the Defendant deprived Plaintiff of her procedural Due Process rights under N.J. Stat. Ann. § 11A:2-13-14, N.J. Admin. Code tit. 4A, § 2-2.1-2.3, -2.5,

-2.8, and the Fifth Amendment of the United States Constitution.

60. As a career civil service employee, Plaintiff had sufficient liberty and property interests in her employment. The City failed allow plaintiff to avail herself of bumping rights and seniority protection.

61. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has lost benefits to which she is entitled, and has suffered severe emotional distress with physical manifestation, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Montaha Deeb, demands judgment against the Defendant, City of Paterson, for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to her position, and such other and further relief as the Court deems equitable and just.

### EIGHTH COUNT

62. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 64 as if fully set forth at length herein.

63. The actions of the defendants are in direct violation of the public policy of the State of New Jersey.

64. The Defendant engaged in direct and indirect actions against the Plaintiff to interfere in her employment.

65. More specifically, the Defendant's actions were an effort to punish Plaintiff by demoting her, wrongfully laying her off, reducing her salary and harassing her in violation of New Jersey Statutes and the New Jersey State Constitution.

66. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has lost benefits to which she is entitled, and has suffered severe emotional distress with physical manifestations, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Montaha Deeb, demands judgment against the Defendant, City of Paterson, for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to her position, and such other and further relief as the Court.

## JURY DEMAND

Plaintiff, Montaha Deeb, demands a trial by Jury.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Lisa M. Fittipaldi, Esq. as her trial counsel in this matter.

DiFRANCESCO, BATEMAN, COLEY, YOSPIN,<br>
KUNZMAN, DAVIS, LEHRER & FLAUM, P.C.<br>
Attorneys for Plaintiff<br><br>
By _____<br>
Lisa M. Fittipaldi

Dated:   March 28, 2012